(25 Civ. Proc. R. 235; 16 Misc. Rep. 151.)

### LAWLOR v. MAGNOLIA METAL CO.

(Supreme Court, Special Term, New York County. February, 1896.)

DISCHARGE OF ATTACHMENT—DEFENDANT'S LIABILITY FOR SHERIFF'S FEES.
 Under Laws 1892, c. 418, relating to sheriff's fees for levying attachment, and Code Civ. Proc. § 709, providing that, where an attachment is discharged on application of defendant, the sheriff must deliver to him, on payment of all costs and expenses legally chargeable, all the attached personalty, etc., the sheriff may, where defendant gives an undertaking for the purpose of discharging the attachment, retain the property until defendant pays his fees.

Action by James Lawlor against the Magnolia Metal Company. Motion by defendant for an order directing plaintiff to pay the sheriff's fees upon an attachment. Denied.

Constant & Coghill, for plaintiff.
Nichols & Bacon, for defendant.
Tracy, Boardman & Platt, for sheriff.

LAWRENCE, J. The plaintiff obtained an attachment for $35,-710.40, on the ground that the defendant was a foreign corporation. Defendant filed an undertaking, and an order was entered, on the 29th of January, discharging the attachment. No exceptions have been taken to the undertaking, but the sheriff refuses to deliver up the property until his fees are paid for poundage and care of the property; and a motion is now made by the defendant, upon the un-

dertaking and order discharging the attachment, that the plaintiff should be directed to pay the sheriff's fees, and that such fees be taxed. It is conceded that the sheriff is entitled to his fees, and the only question is as to the amount thereof.

I confess that, if this question had not been passed upon by the court in other cases, I should incline to the opinion that, where the defendant gives an undertaking, pursuant to the provisions of section 688 of the Code of Civil Procedure, the intention of the legislature was that the undertaking should stand in place of the attachment, and that the same should be in a sufficient sum to cover the sheriff's fees; in other words, that the effect of giving the undertaking, duly approved by the court, and accepted by the plaintiff and the sheriff, would be the same as an absolute vacatur or discharge of the attachment. It has, however, been expressly decided that, under chapter 418 of the Laws of 1892, amending chapter 523 of the Laws of 1890, where an undertaking is given by the defendant for the purpose of discharging the attachment, under section 709 of the Code of Civil Procedure, the sheriff may retain the property until his fees are paid by the defendant. See opinion of Ingraham, J., in Bank v. Reichman, 38 N. Y. Supp. 38 (Lawlor v. Magnolia, 38 N. Y. Supp. 36). In that case the attention of the learned justice was called to the cases relied upon by the defendant on this motion, and particularly the case of Bowe v. Reflector Co., 36 Hun, 407; but it was held that those cases did not apply, for the reasons that the attachments therein considered had been vacated absolutely, and were not discharged because of the substitution of other security. To the same effect is the decision of Mr. Justice Barrett in Herrera v. Barreto.[1] And see, also, the opinion of Andrews, J., in Colberg v. Emerson (Law Journal, March 6, 1894) 30 N. Y. Supp. 146. Section 709 of the Code of Civil Procedure provides that, where a warrant of attachment is vacated or annulled, or an attachment is discharged upon the application of the defendant, the sheriff must, except in a case where it is otherwise specially prescribed by law, deliver over to the defendant, or to the person entitled thereto, upon reasonable demand, and upon payment of all costs, charges, and expenses legally chargeable by the sheriff, all the attached personal property remaining in his hands, etc. I shall follow the construction which has been given to the Laws of 1890 and 1892, and to this section of the Code of Civil Procedure in the cases above referred to, and shall hold that the sheriff is entitled to be paid his fees by the defendant before he can be called upon to surrender the property upon which the attachment has been levied.

It was agreed, upon the argument of the motion, that the parties should stipulate as to the value of the property attached, or, if that could not be done, that an inventory should be taken of the property and the value fixed thereby. I will hear counsel upon the question

---

[1] Barrett, J. (May 9, 1894): "The stipulation referred to the main question,—that as to the merits, not to the sheriff's fees. Under the statute the sheriff is entitled to retain the property until his fees are paid, and the defendant has his remedy upon the attachment undertaking. Fees allowed accordingly."

of the amount of the sheriff's fees upon the settlement of the order to be entered on this decision.

The motion of the defendant that the plaintiff pay the sheriff's fees will therefore be denied, but without costs. Settle order on one day's notice.